UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RUBENZ DEUS, RICHARD STEWART,
ALEX BOULET, and KEITH BRISSETT,

            Plaintiffs,

     - against -                               **COMPLAINT**

SHANIECE HICKS, BRANDON PATANE,
PHILIP DITTO, and JOHN and JANE DOES 1-10,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs Rubenz Deus, Richard Stewart, Alex Boulet, and Keith Brissett, by their attorneys, the Lumer Law Group, hereby allege upon information and belief as follows:

        1.     At all times hereinafter mentioned, plaintiff Rubenz Deus was an adult resident of Kings County, in the City and State of New York.

        2.     At all times hereinafter mentioned, plaintiff Richard Stewart was an adult resident of Kings County, in the City and State of New York.

        3.     At all times hereinafter mentioned, plaintiff Alex Boulet was an adult resident of Richmond County, in the City and State of New York.

        4.     At all times hereinafter mentioned, plaintiff Keith Brissett was an adult resident of Kings County, in the City and State of New York.

        5.     At all relevant times hereinafter mentioned, defendant Shaniece Hicks was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 967111. Hicks is sued herein in her individual capacity.

6. At all relevant times hereinafter mentioned, defendant Brandon Patane was employed by the City as a member of the NYPD, Tax No.: 961077. Patane is sued herein in his individual capacity.

7. At all relevant times hereinafter mentioned, defendant Philip Ditto was employed by the City as a member of the NYPD, Shield No.: 3147. Ditto is sued herein in his individual capacity.

8. At all relevant times hereinafter mentioned, defendants John and Jane Does 1-10, were individuals employed by the City as members of the NYPD whose full and complete identities are unknown to plaintiffs at this time. The Doe defendants are sued herein in their individual capacity.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

10. The action is properly venued in the Eastern District as the majority of the events complained of occurred in Kings County.

**RELEVANT FACTS**

11. During the morning hours of April 10, 2021, the plaintiffs were lawfully present inside or in a common area within a residential apartment building located at 491 East 45 Street in Brooklyn, New York (the "premises").

12. None of the plaintiffs resided at the premises.

13. While the plaintiffs were present at the location, various members of the NYPD arrived and took plaintiffs into custody at gunpoint.

14. There were other individuals present at the premises who were also arrested.

15. Defendants Hicks and Patane are believed to have been present at the arrest and Hicks was the arresting officer for each of the plaintiffs.

16. Defendant Ditto was at all relevant times herein a sergeant with supervisory authority over Hicks and Patane.

17. The plaintiffs removed from the premises in handcuffs and taken to the 67 precinct.

18. The plaintiffs remained in custody at the station house for a period of many hours until they were transported to Kings County Central Booking.

19. The plaintiffs remained in the City's custody at Central Booking until the late evening hours of April 12, 2021.

20. The Kings County District Attorney declined to prosecute the plaintiffs at that time and the plaintiffs were released from custody without being criminally charged.

21. At no time did defendants have probable cause to arrest any of the plaintiffs on April 10, 2021.

22. The arrests were made by, with, or pursuant to the directions of Ditto and other supervisory officers.

23. The Doe defendants are those members of the NYPD who participated in the decision to arrest the plaintiffs, physically participated in taking the plaintiffs into custody, or directed other officers to make the arrests.

24. To the extent that any of the individual defendants, including the Doe defendants, did not affirmatively participate in the decision to arrest plaintiffs, or the arrests themselves, communications with the KCDA as alleged herein, each such defendant was aware that the other individual defendants were engaged in unconstitutional conduct, that plaintiffs' rights were being and would continue to be violated, and failed to take any steps to intervene in said unconstitutional conduct or otherwise protect plaintiffs from harm, despite ample opportunity to do so.

25. The individual defendants, including the Doe defendants, are therefore liable for the false arrest and imprisonment of the plaintiffs, because of their personal actions and their deliberate failure to intervene in the other's unconstitutional conduct, and were, at all relevant times herein, acting jointly and in concert.

26. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

(False Arrest and Imprisonment Pursuant to 42 USC §1983)

27. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth at length herein.

28. The individual defendants willfully and intentionally seized, arrested, and caused plaintiffs to be imprisoned without any lawful basis, much less probable cause, and lacked any reasonable basis to believe probable cause existed.

29. To the extent that any of the individual defendants did not affirmatively seize or place plaintiffs under arrest, each such defendant was aware that plaintiffs' constitutional rights were being and would continue to be violated, and failed to take any steps to intervene in said unconstitutional conduct or otherwise protect plaintiffs from harm, despite ample opportunity to do so.

30. As a result of their unlawful arrest by the defendants, plaintiffs were imprisoned and deprived of their liberty.

31. Plaintiffs were conscious of the deprivation of their liberty and did not consent to any such deprivation.

32. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, loss of liberty, economic loss, and the loss of their constitutional rights.

**SECOND CAUSE OF ACTION**

(Excessive Force Pursuant to 42 USC §1983

33. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth at length herein.

34. The defendants used physical force or caused physical force to be used against the plaintiffs to seize, detain, arrest, and imprison each plaintiff.

35. The defendants' use of force was objectively unreasonable or otherwise was used to further the unlawful arrest of plaintiffs.

36. The individual defendants, individually and collectively, subjected plaintiffs to excessive force in violation of the plaintiffs' rights under the Fourth Amendment to the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

[Remainder of Page Intentionally Blank]

**WHEREFORE**, the plaintiffs demands judgment against defendants jointly and severally as follows:

    i.    actual and compensatory damages against each defendant in an amount to be determined at trial;

    ii.    punitive damages against each individual defendant in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and,

    iv.    such other relief as the Court deems just and proper.

Dated:   New York, New York
           October 19, 2023

                                LUMER LAW GROUP
                                Attorneys for Plaintiffs

By: _____
                                Michael Lumer, Esq.
                                14 Wall Street, Suite 1603
                                New York, New York 10005
                                (212) 566-5060